**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CARL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:12-cv-0337-WTL-MJD |
| | ) |
| WABASH VALLEY CORRECTIONAL | ) |
| FACILITY HEALTH SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims**
**and Directing Further Proceedings**

Carl Johnson ("Johnson"), an inmate at the Wabash Valley Correctional Facility, alleges that his Eighth Amendment right to constitutionally adequate medical care has been violated at that institution. He seeks compensatory damages, punitive damages, and injunctive relief.

Because Johnson is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Whether or not a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Having screened the complaint as required the court makes the following rulings:

1.   Johnson's claim is asserted pursuant to 42 U.S.C. § 1983. "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

2.   Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing that: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

   a.   A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).

   b.   Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

   c.   For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter,* 541 F.3d 688, 697 (7th Cir. 2008).

3.   The named defendants are the Wabash Valley Correctional Facility Health Services, Rose Vaisvilas, and Jacques LeClerc. Because Avicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.@ *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ALiability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .@).

   a.   Claims alleged against Rose Vaisvilas are dismissed as legally insufficient because there is no allegation of wrongdoing on her part. *See Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court

properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

b. Claims against the Wabash Valley Correctional Facility Health Services are dismissed because the Health Services Department of a state prison is not a "person" subject to suit under § 1983.

4. No partial final judgment shall issue at this time as to the claims dismissed in paragraph 3 of this Entry.

5. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendant Jacques LeClerc in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 12/19/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Carl Johnson
955761
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Jacques LeClerc
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.